# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                              No. CV 07-1114 MCA/LCS
                                                                  CR 04-2537 MCA

VICTOR MANUEL TORRES-CASTRO,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 73) filed November 5, 2007, and on his Motion to Amend and/or Clarify Defendant's §2255 Motion (CV Doc. 4; CR Doc. 75) filed January 30, 2008. *See* 28 U.S.C. § 2255 R.4. A jury found Defendant guilty as charged in the superseding indictment. The Court sentenced Defendant to 46 months' imprisonment and entered judgment on November 1, 2005. Defendant's conviction was affirmed on appeal, and the Supreme Court denied his petition for writ of certiorari.

Defendant's § 2255 motion presents a number of claims. In summary, Defendant alleges that, as a result of procedural irregularities, Congress did not enact the statute that confers subject matter jurisdiction of criminal proceedings on the federal district courts. The Court therefore lacked jurisdiction of Defendant's criminal case. In the motion to amend, Defendant states that the gravamen of his § 2255 motion is that his attorney was ineffective for failing to raise the jurisdictional issue or to pursue an appeal.

"To establish ineffective assistance of counsel, a defendant must show both that his counsel's performance was constitutionally deficient, and that this deficient performance prejudiced him."

*United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999).  The Court "may address the performance and prejudice components in any order, but need not address both if [Defendant] fails to make a sufficient showing of one."  *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)); *and see United States v. Orange*, 447 F.3d 792, 796-97 (10th Cir. 2006).  The Court weighs Defendant's claims under these standards.

In his original motion, Defendant raises the substantive claim that the Court lacked subject matter jurisdiction of the criminal proceeding against him.  He alleges that, as a result of procedural irregularities, Congress did not enact Public Law 80-772, which is codified as 18 U.S.C. § 3231.  This statute, which was signed into law in 1948, confers subject matter jurisdiction of criminal proceedings on the federal district courts.  *See* § 3231.  As recently noted in another district court's analysis of the same claims that are raised by Defendant here,

> Petitioner's first and fourth contentions claim the Court is without jurisdiction, because 18 U.S.C. § 3231 was never enacted into positive law, and is therefore unconstitutional and void.  This is one of the jailhouse lawyers' arguments du jour.  It has never been accepted, and will not be accepted here.  In short, the annotated version of the statute reflects an effective date of June 25, 1948; President Truman signed the bill into law that same day.  "[I] t is clear that 18 U.S.C. § 3231 gives the federal courts original and exclusive jurisdiction over federal crimes."  Petitioner's argument concerning 18 U.S.C. § 3231 wholly fails to show his conviction is "void ab initio."  This claim affords him no relief.

*United States v. Schultz*, Nos. 03-CR-08(02)(JMR/FLN), 06-CV-5020(JMR), 2007 WL 2872387, at *2 (D. Minn. Sept. 26, 2007) (internal citations omitted).  Furthermore, as noted by a district court in Pennsylvania considering the same claim, "Defendant has offered no legitimate case law to the contrary.  Indeed, the Supreme Court's discussion and application of 18 U.S.C. § 3231 refute Defendant's assertions [of lack of jurisdiction]."  *United States v. Risquet*, 426 F. Supp. 2d 310, 311 (E.D. Pa. 2006) (citing, inter alia, *Tafflin v. Levitt*, 493 U.S. 455, 471 (1990)).  This Court had subject matter jurisdiction of this criminal proceeding, and Defendant was not prejudiced by his

2

attorney's failure to raise this issue here or on appeal.  Defendant is not entitled to relief, *see* § 2255 R.4(b), and the Court will dismiss the motion.

IT IS THEREFORE ORDERED that Defendant's Motion to Amend and/or Clarify Defendant's §2255 Motion (CV Doc. 4; CR Doc. 75) filed January 30, 2008, is GRANTED; Defendant's Motion to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 73) filed November 5, 2007, and the claims presented in the motion to amend are DISMISSED with prejudice; and judgment will be entered.

SO ORDERED this 25th day of July, 2008.

_____
M. CHRISTINA ARMIJO
United States District Judge